GAF BUILDING MATERIALS

v.

Bobby R. GEORGE.

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

March 26, 2001.

James H. Tucker, Manier & Herod, Nashville, TN, for appellant GAF Building Materials.

Ann Buntin Steiner, Steiner & Steiner, Nashville, TN, for appellee, Bobby R. George.

### MEMORANDUM OPINION

LOSER, Sp. J., delivered the opinion of the court, in which BIRCH, J., and PEOPLES, Sp. J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. In this appeal, the employer insists the trial court erred in the finding that the employee's carpal tunnel syndrome is causally related to the employment and that the award of permanent partial disability benefits is excessive. The employee insists the trial court erred in not awarding medical expenses. As discussed below, the

panel has concluded the judgment should be modified and, as modified, affirmed.

The employee or claimant, Bobby George, is 63 years old with a high school diploma and one year of management training at the University of Tennessee at Nashville. He has military experience as a paratrooper and has served as a border patrolman in Germany and in heavy production work. He has worked in the production of fiberglass for the employer, GAF, and its predecessors, Nashville Fiberglass Plant and Ferro Corporation, for the past 38 years. At the time of his injury, he was a supervisor, performing repetitive lifting of a fifty-pound roving ball with his hands and typing. He gradually developed overuse syndrome.

In November 1997, the claimant visited Dr. Stewart F. Stowers with complaints of pain and numbness in both hands. Dr. Stowers, after conducting scientific tests, diagnosed bilateral carpal tunnel syndrome and, on January 7, 1999, performed a carpal tunnel release on the right side. The doctor estimated the claimant's permanent impairment at 5 percent to both arms.

As to causation, Dr. Stowers testified as follows:

> Q. ... Assuming that Mr. George, when he worked, engaged in activities of having to pick up a 50–pound roving ball that would have been a spool of fiberglass, picked the fiberglass up, put it on conveyors, and then also take it from the conveyors and move the fiberglass down to the floor, and he would then have to do this 50 percent of the day, while the other two hours of the day he would have to spend typing, can these types of job duties result in carpal tunnel?
>
> A. Yes.

We find in the record no evidence of any possible cause except the repetitive use of the claimant's hands at work. He has

problems carrying out trash, mowing grass and lifting buckets to feed his horses and cannot hold a string trimmer. He is employed but is able to earn less than he earned at GAF.

 Upon the above summarized evidence, the trial judge found the injury to be compensable and awarded permanent partial disability benefits based on "15 percent to each extremity." Appellate review of findings of fact by the trial court is de novo upon the record of the trial court, accompanied by a presumption of such findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2). This standard requires the panel to examine in depth a trial court's factual findings and conclusions. The reviewing court is not bound by a trial court's factual findings but instead conducts an independent examination to determine where the preponderance lies. *Galloway v. Memphis Drum Serv.,* 822 S.W.2d 584 (Tenn.1991).

 The appellant first contends the evidence of causation is too speculative. Workers' compensation benefits are payable according to a well-defined scheme or schedule and without regard to fault of the employer or care exercised by the employee. *Lincoln Memorial University v. Sutton,* 43 S.W.2d 195, 163 Tenn. 298 (1931). Injuries by accident arising out of and in the course of employment which cause either disablement or death of the employee are compensable. Tenn.Code Ann. § 50–6–103(a). An accidental injury arises out of one's employment when there is apparent to the rational mind, upon consideration of all the circumstance, a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fink v. Caudle,* 856 S.W.2d 952 (Tenn.1993). In a workers' compensation case, a trial judge may properly predicate an award on medi-

cal testimony to the effect that a given incident "could be" the cause of a claimant's injury, when, from other evidence, it may reasonably be inferred that the incident was in fact the cause of the injury, *Long v. Tri–Con Ind., Ltd.*, 996 S.W.2d 173, 177 (Tenn.1999). Absolute certainty on the part of a medical expert is not necessary to support a workers' compensation award, for expert opinion must always be more or less uncertain and speculative, *Kellerman v. Food Lion, Inc.*, 929 S.W.2d 333 (Tenn.Sp.Workers Comp.1996), and, where equivocal medical evidence combined with other evidence supports a finding of causation, such an inference may nevertheless be drawn under the case law. *Tindall v. Waring Park Assoc.*, 725 S.W.2d 935 (Tenn.1987).

From our independent examination of the evidence, we cannot say the evidence preponderates against the trial court's finding as to causation. The first issue is resolved in favor of the appellee.

■■■ The appellant next contends the award of permanent partial disability based on 15 percent to the extremities is excessive. The claimant's injury was to both arms. Where a worker's only injury is to a scheduled member, he may receive only the amount of compensation provided by the schedule for his permanent disability. *McIlvain v. Russell Stover Candies, Inc.*, 996 S.W.2d 179, 185 (Tenn.1999). Such injuries are exclusively controlled by the statutory schedule. *Id.* Since an injury to both arms is an injury to a scheduled member, valued at 400 weeks, we modify the award to one based on 15 percent to both arms. The modification does not affect the amount of the claimant's recovery in dollars, but clarifies the award and expresses the trial court's apparent intent.

Once the causation and permanency of an injury have been established by expert testimony, the trial judge may consider many pertinent factors, including age, job skills, education, training, duration of disability and job opportunities for the disabled, in addition to anatomic impairment, for the purpose of evaluating the extent of a claimant's permanent disability. Tenn. Code Ann. § 50–6–241(b). We cannot say, from our independent examination of the record, that the evidence preponderates against the finding of the trial court as to the extent of the claimant's permanent vocational disability. The second issue is resolved in favor of the appellant.

■■■ The appellee contends the trial court erred in disallowing unauthorized medical expenses already incurred by the claimant, allowing only future medical expenses. When a covered employee suffers an injury by accident arising out of and in the course of his employment, his employer is required to provide, free of charge to the injured employee, all medical and hospital care which is reasonably necessary on account of the injury. Such care includes medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members and other apparatus, nursing services or psychological services as ordered by the attending physician, dental care, and hospitalization. The only limitation as to the amount of the employer's liability for such care is such charges as prevail for similar treatment in the community where the injured employee resides. Tenn.Code Ann. § 50–6–204(a)(1).

■■■ An employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians. *CNA Ins. Co. v. Transou*, 614 S.W.2d 335, 337–38 (Tenn.1981). The record does contain undisputed evidence that the claimant has incurred reasonable and reasonably necessary medical expenses in the sum of $3,753.00, which he is entitled to recover

from the employer. The judgment is modified accordingly.

As modified, the judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant.