



**FILED**
**Jul 17, 2019**
**02:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jason Dziadosz | ) | Docket No. 2018-06-1641 |
| | ) | |
| v. | ) | State File No. 69336-2018 |
| | ) | |
| Whitestone Investments, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee alleges suffering a repetitive injury to his left hand working in his employer's warehouse. The employer provided workers' compensation benefits, including a panel of physicians and authorized medical treatment. The authorized physician placed the employee at maximum medical improvement and opined he did not retain any permanent impairment from his work injury. The employer denied further benefits, and the authorized physician declined to see the employee again, prompting him to seek treatment on his own. Following an expedited hearing, the trial court ordered the employer to provide reasonable and necessary medical care with the employee's physician but denied his request for temporary disability benefits. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Tyler D. Smith, Knoxville, Tennessee, for the employer-appellant, Whitestone Investments, Inc.

Jason Dziadosz, Nashville, Tennessee, employee-appellee, pro se

1

Jason Dziadosz ("Employee") worked for Whitestone Investments, Inc. ("Employer"), in its warehouse. On September 1, 2018, Employee went to Vanderbilt Health explaining that he needed a note clearing him to return to work from the flu, as he had missed three consecutive days of work. He also complained of left hand pain localized in his index finger. X-rays were negative for an acute injury, and the attending medical provider prescribed anti-inflammatory medication, released him with no restrictions, and referred him to Dr. Todd Wurth, a hand specialist.

Dissatisfied with the treatment from Vanderbilt Health, Employee went the same day to Physicians Urgent Care. The record from that visit reflects that Employee "was advised that this is an overuse syndrome and will most likely continue if he stays at this job" and that he was prescribed medication. He returned three weeks later with ongoing complaints, although he reported that he was "75% improved." The attending medical provider stated that Employee's work "at the distribution center accounted for 50% or more of the cause for his tendonitis." He was referred to physical therapy but was assigned no work restrictions.

Employee returned to work on September 4 and informed his supervisor of his left hand complaints.[2] Employer provided a panel of physicians from which Employee selected Dr. Dave Alexander. Dr. Alexander saw Employee on two occasions, October 24 and 31, and diagnosed him with extensor tenosynovitis and took him off work for a total of two weeks. He was returned to work with restrictions on November 7, 2018, at which time Dr. Alexander placed him at maximum medical improvement and assigned no impairment. He also indicated he did not anticipate Employee would need additional treatment for the work injury. Employee requested a return visit with Dr. Alexander, but Dr. Alexander declined to see him.

Employee saw Dr. Wurth on his own on January 29, 2019, with continued complaints with his hand. Dr. Wurth provided a steroid injection and discussed possible surgery. He assigned no work restrictions.

Employee was terminated on September 5, 2018 for attendance issues. Employer asserted that it had provided all medical treatment recommended by the authorized

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] The parties dispute whether Employee explained that he believed his hand complaints were causally related to his work. However, there is no dispute that Employer became aware Employee was alleging a work-related injury within the timeframe mandated by statute. *See* Tenn. Code Ann. § 50-6-201 (2018).

physician and that it had paid all temporary disability benefits owed. Specifically, Employer paid temporary total disability benefits for the two weeks Employee was taken off work and maintained it terminated him for cause, excusing it from paying temporary partial disability benefits. Employee argued that he was entitled to additional medical care because his symptoms persisted and that his termination was not for cause, entitling him to temporary partial disability benefits.

Following an expedited hearing, the trial court found that, regardless of whether Employee sustained any permanent impairment, he was entitled to medical care for his injury. Because the authorized physician refused to see Employee, the court found Employee acted reasonably in obtaining medical care on his own and deemed Dr. Wurth the authorized physician. However, concluding that no physician had assigned work restrictions or taken Employee off work outside of the two weeks for which Employee had already received temporary disability benefits, the trial court denied Employee's request for additional temporary disability benefits.

Employer asserts on appeal that the trial court erred in finding Employee will likely prevail at trial with respect to causation, in naming Dr. Wurth the authorized physician, and in requiring it to provide ongoing medical care. For his part, Employee argues the trial court erred in not ordering additional temporary disability benefits and in not ordering reimbursement of some medical expenses.

With respect to causation, Employee described suffering a cumulative trauma injury resulting from his work activities. His attending medical provider at Physicians Urgent Care opined he had an injury resulting from repetitive use of his hand. In addition, Employee complained of ongoing symptoms related to his index finger diagnosed by the authorized physician. While it is true that Dr. Alexander did not believe Employee retained any permanent impairment, the fact that he suffered no permanent impairment is insufficient to terminate his right to medical treatment for a work-related injury. *See Wilkes v. Res. Auth. of Sumner Cnty.*, 932 S.W.2d 458, 461 (Tenn. 1996) ("[A]n employee's injury need not affect the employee's employability or otherwise result in vocational impairment. Rather, the medical treatment sought must be 'reasonably necessary.'").

Furthermore, the trial court did not err in designating Dr. Wurth as Employee's authorized physician. In circumstances where an employer refuses to provide medical treatment and/or denies an employee's claim, such employer runs the risk that a physician of the employee's choosing will be designated the authorized physician and that the employer will be responsible for paying for treatment provided by that physician. *See GAF Bldg. Materials v. George*, 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001). Even though Employer initially provided authorized medical care, it later declined to provide additional medical care, and the authorized physician declined to see Employee despite ongoing problems with his hand. We agree with the trial court that

3

Employee acted reasonably in seeking medical care on his own and, having established a doctor-patient relationship, should not now be required to begin treating with another physician.

With respect to Employee's assertion that he is entitled to additional temporary disability benefits, we conclude the trial court did not err in declining to award those benefits, although for reasons other than those upon which the trial court relied. The trial court based its decision on its conclusion that "no doctor has taken [Employee] off work or imposed any workplace restrictions other than for the two-week period for which he received temporary-total disability benefits." However, at Employee's last visit with Dr. Alexander on October 31, 2018, Dr. Alexander took him off work until November 7 and then allowed him to return to light duty on November 7 with restrictions of no heavy gripping or twisting and no lifting over ten pounds. Dr. Alexander did not provide a date on which those restrictions would expire. Thus, the court erred in finding Employee had not been given work restrictions outside the two-week period for which he received temporary disability benefits. The error is harmless, however, as Dr. Alexander placed Employee at maximum medical improvement on November 7, 2019. An employee's entitlement to temporary disability benefits terminates when the employee returns to work or reaches maximum medical improvement. *See Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Therefore, Employee's entitlement to temporary disability benefits ended on the date he was placed at maximum medical improvement.

Finally, Employee asserts that he should be reimbursed for medical bills he paid for treatment at Physicians Urgent Care on September 22, 2018. This issue was not raised in or addressed by the trial court and is thus waived. *See Simpson v. Frontier Comty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991).

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Each party is responsible for its own costs on appeal.

4



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Jason Dziadosz | ) | Docket No. 2018-06-1641 |
| | ) | |
| v. | ) | State File No. 69336-2018 |
| | ) | |
| Whitestone Investments, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of July, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Jason Dziadosz | | | | | X | jasondziadosz@gmail.com |
| Tyler D. Smith | | | | | X | tsmith@lewisthomason.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov