**FILED**
**Apr 07, 2021**
**10:33 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **KIMSUE JETT,** | ) | **Docket No. 2020-05-0851** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **CBC GROUP, INC.,** | ) | **State File No. 120191-2019** |
| **CHRISTIAN BRANDS, INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **DEPOSITORS INSURANCE CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
### *(DECISION ON THE RECORD)*

---

Ms. Jett's request for medical and temporary disability benefits came before the Court on March 30, 2021, for an Expedited Hearing on the record.[1]  The central legal issue is whether Ms. Jett is likely to prove at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment.  For the reasons below, the Court cannot find she is likely to prove this, but holds Ms. Jett is entitled to a return visit to her treating doctor.

### History of Claim

While working for CBC on December 26, 2019, Ms. Jett tripped and fell.  A coworker witnessed the fall and reported that she hit her head.  CBC provided a panel of physicians, from which Ms. Jett selected Fast Pace Medical Clinic.

Ms. Jett saw Family Nurse Practitioner (FNP) Brianna Ridley on the date of the

---

[1] CBC filed a response opposing a hearing on the record, but the Court determined that a review of the written materials without an evidentiary hearing was appropriate and issued a Docketing Notice.  In response, CBC filed a position statement, but neither party filed any objections.

accident. Ms. Ridley noted complaints of a constant headache after hitting the right side of the head on concrete. She anticipated a full recovery and assigned work restrictions for one day.

Ms. Jett returned to Fast Pace on January 3. She reported that her head had improved, but her upper arm was "really sore" and was keeping her awake at night. She received a prescription for meloxicam and was told to follow up in a week. When Ms. Jett returned on January 10, FNP Katherine Ring noted joint pain and swelling, and reduced range of motion. She referred Ms. Jett to an orthopedic specialist.

CBC provided no further benefits and filed a Notice of Controversy several weeks later, so Ms. Jett sought treatment from Dr. Jeffrey Adams. He surgically repaired a partial-thickness rotator cuff tear and a torn biceps tendon on June 10 and took her off work for at least ten weeks. Dr. Adams did not specify the cause of Ms. Jett's injury.

Ms. Jett stated in her affidavit that her shoulder has not healed properly and she has been unable to work since January 3, 2020. She requested additional treatment with Dr. Adams. She also seeks payment of her medical bills, reimbursement of her out-of-pocket medical expenses, and temporary disability benefits.

CBC contended that Ms. Jett is not entitled to benefits because she did not prove that her injury was primarily caused by work.

### Findings of Fact and Conclusions of Law

*Standard applied*

Ms. Jett must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Causation*

To prove a compensable injury, Ms. Jett must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that she show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

2

CBC acknowledges Ms. Jett slipped and fell on December 26. Therefore, the Court holds she is likely to show a specific incident, identifiable by time and place, at trial.

The question then is whether Ms. Jett appears likely to prove at a hearing on the merits that her work was the primary cause of the injury and need for treatment. The Court cannot find at this time that she is likely to meet this burden. Although Dr. Adams's records mention her workplace fall, he did not specifically address the cause of Ms. Jett's condition. Without a medical opinion on this issue, the Court cannot find at this time that she is likely to prove "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." This finding, however, does not end the inquiry.

At an expedited hearing, if an employee presents sufficient evidence that a work event resulted in injury, this may support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Thus, the question is whether Ms. Jett provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to a panel of physicians or, as she requested, treatment with Dr. Adams.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." The administrative rules also require an employer to provide a panel no later than three days after an employee expresses a need for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (May, 2018). An employer who fails to comply with this rule may be assessed a civil penalty. Tenn. Comp. R. & Regs. 0800-02-01-.10.

Here, CBC provided Ms. Jett a panel after her incident, and she chose Fast Pace. However, after Fast Pace referred her to an orthopedist, CBC denied the claim because Ms. Jett "did not report any injury to her right shoulder at the time of the incident." CBC also suggested that Ms. Jett suffered from a preexisting degenerative shoulder condition but presented no evidence to support this argument. The Court finds both arguments unpersuasive.

Regarding Ms. Jett's failure to "timely" report her shoulder injury, she gave notice of this injury within the fifteen-day requirement of Tennessee Code Annotated section 50-6-201, as she reported it to her medical provider on January 3, only eight days after her work accident. Further, Ms. Jett fell and hit the right side of her head on a concrete floor hard enough to cause her coworker to be concerned about a concussion and advise her to seek medical help. On her second visit to the panel provider, just one week later, she reported problems with her right arm and shoulder that had been interfering with her sleep. Those problems persisted until she was referred to an orthopedist. Under these

3

circumstances, the Court cannot find that Ms. Jett's failure to immediately report an injury to her shoulder should terminate her right to medical treatment.

Concerning the argument that Ms. Jett suffered from a preexisting degenerative shoulder condition, CBC presented no evidence to support it. However, even if it had evidence, it would not be excused from its statutory duty to provide medical treatment once it received notice of a work injury. The Court is constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016). Similarly, parties cannot rely solely on their own medical interpretations to support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

In circumstances where an employer refuses to provide medical treatment and/or denies an employee's claim, the employer runs the risk that a physician of the employee's choosing will be designated the authorized physician and that the employer will be responsible for paying for treatment provided by that physician. *See GAF Bldg. Materials v. George,* 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001). Therefore, the Court holds Ms. Jett provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to return to Dr. Adams. CBC shall schedule an appointment with Dr. Adams for evaluation and, if appropriate, treatment of her alleged injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

As noted above, CBC failed to promptly provide a panel of orthopedists in response to the authorized provider's referral. Therefore, the Court refers this case to the Compliance Program for investigation and possible assessment of a penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03 (March 2015).[2]

*Temporary Disability Benefits*

Ms. Jett also seeks temporary disability benefits. An injured worker is eligible for temporary total disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Ms. Jett cannot at this time prove a causal connection between her work and her injury because she lacks a medical opinion. Therefore, the Court cannot find at this time that she is likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

---

[2] CBC's argument that Ms. Jett failed to request an orthopedic panel is irrelevant, as the orthopedic referral was made by CBC's authorized panel provider.

**IT IS, THEREFORE, ORDERED** as follows:

1. CBC shall authorize a return visit for Ms. Jett with Dr. Adams, as well as any medical treatment made reasonably necessary by her December 26, 2019 accident.

2. Ms. Jett's request for temporary disability benefits is denied at this time.

3. This case is set for a Status Hearing on June 16, 2021, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 7, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Ms. Jett's February 25, 2021 affidavit
2. OSHA Form 301 Injury and Illness Incident Report dated 12-26-19
3. Employee's Report of Injury or Occupational Illness dated 12-26-19
4. Employer's First Report of Work Injury
5. Notice of Controversy
6. Form C-42 Choice of Physician
7. Wage Statement

8. January 31, 2020 statement of Kevin Riner
9. Records from Fast Pace Medical Clinic
10. Records from Dr. Jeffrey Adams

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on April 7, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Kimsue Jett, Employee | X | | X | 714 Franklin Avenue Lewisburg, TN 37091 Kimsuj6810@gmail.com |
| Lynn Lawyer, Employer's Attorney | | | X | LAWYEL2@nationwide.com cc: BURRUC1@nationwide.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*