


FILED
Jul 11, 2019
11:30 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Charity Blevins ) | Docket No.   2018-01-0673 |
| ) | |
| v. ) | State File No. 86761-2017 |
| ) | |
| Southern Champion Tray, LP, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

---

### Affirmed and Remanded

In this interlocutory appeal, the employee alleges suffering a low back injury while performing her work duties.  Based on the authorized physician's opinion that the work incident aggravated the employee's pre-existing condition but that greater than 51% of the cause was related to the employee's degenerative pre-existing process, the employer denied the claim.  The employee sought treatment from another physician whose responses to a questionnaire indicated the work incident more likely than not caused the employee's need for medical treatment.  Following an evidentiary hearing, the trial court awarded medical benefits and ordered the employer to authorize further treatment with the physician sought out by the employee.  The employer has appealed.  While we disagree with certain determinations of the trial court, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Nicholas S. Akins, Nashville, Tennessee, for the employer-appellant, Southern Champion Tray, LP

R. Ethan Hargraves, Chattanooga, Tennessee, for the employee-appellee, Charity Blevins

### Factual and Procedural Background

Charity Blevins ("Employee") worked for Southern Champion Tray, LP ("Employer"), as a machine operator.  On November 10, 2017, she was in the process of clearing her machine of a jam, which was a routine part of her job.  In clearing the jam,

1

she bent over and reached into the machine with a tool in one hand while pushing a button on top of the machine with her other hand. She reported that, while she was bent over, she felt a pop in her lower back accompanied by pain and spreading warmth over her low back. She was unable to stand up due to the pain, and she remained bent over until a co-worker noticed she was in distress. When the co-worker approached her, she was crying. Her supervisor was notified, and someone retrieved a wheelchair for her to sit in. She was taken to the breakroom where an accident report was completed. Because her symptoms worsened, her supervisor took her to the emergency room.

At the emergency room, Employee reported she had been bending over a machine when she felt a sudden pop and a warm sensation across her lower back. She denied a history of previous back problems. X-rays did not reveal evidence of an acute trauma, and she was discharged.

Due to Employee's persistent symptoms, Employer instructed her to go to WorkForce Corporate Health where she was seen by Dr. Jayant Eldurkar three days after the incident. He noted she experienced the sudden onset of low back pain with a sharp pop while she was leaning over her machine. He diagnosed her with a lumbar strain, prescribed medication, and assigned work restrictions. He also ordered an MRI, which was completed on November 28 and interpreted by the radiologist as revealing a "central disc protrusion at L4-5, mildly compressing the L5 nerve root origins and creating moderate central canal stenosis." When Employee returned to Dr. Eldurkar she reported she was no better and complained of tingling on her right side. At that visit, Dr. Eldurkar referred Employee for a spine consultation.

Employer subsequently provided Employee a panel of physicians from which she selected Dr. Rickey Hutcheson. She saw Dr. Hutcheson one time, and he diagnosed her with lumbar degenerative disc disease, a disc protrusion, and low back pain. In a section of his reported titled "Causation," he included the following:

> Based on recent literature of the *AMA Guide to Evaluation of Disease and Injury Causation, Second Edition*, in my opinion, I would have to say that greater than 51% of the causation is more related to her degenerative pre-existing process and not a work-related injury in that there was no event that occurred at work. I feel that she just has an aggravation of a pre-existing condition.

Addressing the MRI, Dr. Hutcheson disagreed with the radiologist's impression of an L4-5 central disc protrusion "creating moderate central canal stenosis," stating the MRI

> showed degenerative disc[s] at L4-5 and L5-S1 with disk protrusion at L4-5 without significant nerve root compression. It was read as moderate central stenosis but I disagree. I do not think there is moderate central stenosis.

2

Dr. Hutcheson's report stated that he gave Employee steroids and "put her on medical restrictions," adding that "[a]s far as workers' comp is concerned, there are no restrictions, but as far as medical is concerned, I put her on medical restrictions."

On December 13, 2017, Employer denied the claim. Employer subsequently sent Dr. Hutcheson a questionnaire on which he marked responses indicating Employee has "multilevel degenerative disc disease" that pre-existed the work incident, that her "low back pathology" is not primarily related to the November 10, 2017 incident at work, and that Employee did not suffer any anatomical change in the condition of her lumbar spine as a result of the incident at work.

Employee thereafter sought an evaluation with Dr. Paul Broadstone for complaints of low back pain that radiated into her right leg. She described bending over a machine at work and feeling her back pop, followed by a burning sensation in her low back. Dr. Broadstone diagnosed her with degenerative disc disease and ordered physical therapy. He also prescribed medications and assigned work restrictions. Employee testified she did not follow up with Dr. Broadstone because she lost her job and, with it, her medical insurance.

On June 28, 2018, Dr. Broadstone responded to a questionnaire sent by Employee, indicating that Employee's back injury was "historically related to [the] bending incident," and that the incident more likely than not caused her need for medical treatment. Dr. Broadstone noted on the questionnaire that Employee had "no history of previous back issues."[1]

At an expedited hearing, Employer asserted that Dr. Hutcheson was the authorized physician and that his causation opinion should be afforded a statutory presumption of correctness. In addition, Employer argued that Employee did not present sufficient proof to rebut the statutory presumption. Employee, on the other hand, asserted she had successfully rebutted the presumption. The trial court agreed with Employee, finding her testimony that she had not experienced significant back pain before the work incident to be credible. The trial court concluded that Employee injured her back as a result of the November 2017 incident and that the injury "significantly advanced the severity of her pre-existing degenerative disc disease, which was mostly asymptomatic before the injury occurred." Thus, according to the trial court, the issue was "whether the medical evidence establishe[d] that [Employee] is likely to prove at trial that her back condition arose primarily out of and in the course and scope of [her] employment." The court concluded that, when viewed with Employee's credible testimony, "the medical evidence entitles [Employee] to medical benefits."

---

[1] At the expedited hearing, Employee testified that she had seen Dr. Broadstone again in October 2018. The notes from that visit are not contained in the record on appeal.

In reaching its decision, the trial court stated that it "gives limited weight to Dr. Hutcheson's opinion that [Employee] did not experience an injurious 'event' at work." In addition, the trial court determined that Dr. Broadstone's opinion was sufficient to establish Employee would likely prevail at trial on the issue of causation. In deciding which doctor was to provide treatment, the court concluded that the panel provided by Employer from which Employee selected Dr. Hutcheson was for evaluation rather than treatment, thus rendering it an improper panel. The court determined that Dr. Broadstone would be the authorized physician to treat Employee because Employer "failed to give [Employee] the opportunity to select a physician to treat her injury as is required by the Tennessee Workers' Compensation Law." Finally, the trial court found Employee had not presented sufficient proof of entitlement to temporary disability benefits and declined to award such benefits. Employer has appealed.[2]

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

Employer raises two issues on appeal: (1) whether the trial court erred in ordering Employer to provide medical benefits; and (2) whether the trial court erred in naming Dr. Broadstone the authorized physician.

It is well-settled that an injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v.*

---

[2] Employee has not appealed the trial court's denial of temporary disability benefits. Thus, we do not address that issue.

4

*Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

*Award of Medical Benefits*

Employer asserts that, in accordance with Tennessee Code Annotated section 50-6-102(14)(E), Dr. Hutcheson's causation opinion is presumed to be correct, and that Employee did not successfully rebut the statutory presumption. Employer contends the trial court erred in assessing the appropriate weight to be given to Dr. Hutcheson's opinion and that the evidence was insufficient for the trial court to determine that Employee would likely prevail at trial. We disagree.

As an initial matter, the trial court found Employee's testimony that she had not experienced significant back pain before the November 2017 incident to be credible. When a trial judge has seen and heard the witnesses, we give considerable deference to the court's credibility determinations. *See Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). In addition, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7).

The trial court gave "limited weight to Dr. Hutcheson's opinion that [Employee] did not experience an injurious 'event' at work." The court observed that Dr. Hutcheson's statement was not only contradictory to Employee's testimony, but "[i]t is also at odds with the doctor's own opinion that [Employee] 'has an aggravation of a pre-existing condition.'" Employee immediately and consistently described bending over her machine, feeling a pop accompanied by pain and a sensation of warmth, being unable to stand up, requiring a wheelchair to go to the breakroom, and being transported to the emergency room by her supervisor. Her description of the incident and its effect on her is not contradicted in the record and is sufficient evidence from which the trial court could determine she is likely to prevail in establishing an injurious event for purposes of an interlocutory award of benefits. *See* Tenn. Code Ann. § 50-6-102(14)(A) ("An injury is 'accidental' only if the injury is caused by a specific incident, or set of incidents,

arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence . . . ."). In addition, Dr. Hutcheson's statement that there was no "event" at work is inconsistent with Employee's testimony, inconsistent with the medical records, and inconsistent with the first report of injury filed by Employer. Considering the documentary evidence and Employee's testimony, we conclude the trial court did not err in giving Dr. Hutcheson's causation opinion limited weight.

Moreover, the questions presented to Dr. Hutcheson and his responses provide little support for the opinion expressed in his report that "greater than 51% of the causation is more related to [Employee's] degenerative pre-existing process and not a work related injury." In his responses, Dr. Hutcheson agreed that Employee "suffers from multilevel degenerative disc disease," and he agreed that the disease pre-existed the November 2017 incident. There is no dispute that Employee's degenerative disc disease was present before the work incident and that it was not caused by the work incident. Dr. Hutcheson checked "no" when asked whether Employee's "low back pathology [is] *primarily related* to the November 10, 2017, incident 'leaning over the machine,' considering all potential causes," and he responded "no" when asked whether Employee suffered "any anatomical change in the condition of her lumbar spine *primarily related* to the November 10, 2017 incident." (Emphases in original.)

However, the relevant questions are whether the incident at work caused an aggravation of Employee's pre-existing condition and whether that *aggravation* arose primarily out of her employment. *See* Tenn. Code Ann. § 50-6-102(14)(A). While Dr. Hutcheson opined there was no anatomical change as a result of the work incident, there is no indication in the record that he compared post-accident diagnostic tests with any pre-accident tests. Further, a pre-existing condition that is made symptomatic by a work injury may be found to be compensable even in the absence of medical proof of an anatomical change if there is a progression or aggravation of the condition that causes disabling pain. *See Hill v. Eagle Bend Mfg.*, 942 S.W.2d 483, 488 (Tenn. 1997) ("An employer is responsible for workers['] compensation benefits, even though the claimant may have been suffering from a serious pre-existing condition or disability, if [the] employment causes an actual progression or aggravation of the prior disabling condition or disease which produces increased pain that is disabling."). In short, while Dr. Hutcheson stated in his report that "greater than 51% of the causation is more related to [Employee's] degenerative pre-existing process and not a work-related injury in that there was no event that occurred at work," his opinion is inconsistent with undisputed facts and does not take into account that an aggravation of a pre-existing condition can be compensable under certain circumstances.

In contrast to Dr. Hutcheson's opinions, Dr. Broadstone linked Employee's symptoms to the work incident and provided an opinion that the employment "more likely than not" caused her need for medical treatment. While Dr. Broadstone's opinions, as currently contained in the record, may be insufficient to establish causation by a

preponderance of the evidence at trial, those opinions, considered with Employee's lay testimony, are sufficient evidence to rebut the presumption of correctness accorded the authorized physician's causation opinion and to allow the trial court to determine that Employee would likely prevail at a hearing on the merits.

*Authorized Physician for Additional Medical Care*

Employer contends the trial court erred in naming Dr. Broadstone the authorized physician. The court concluded that Employee "will likely prove at trial that the panel [Employer] provided . . . was for evaluation but not for treatment." While we disagree with the trial court's determination that Employer failed to provide Employee the opportunity to select a physician, we find that error to be harmless under the circumstances presented here.

The trial court relied on Employee's description of her conversation with Dr. Hutcheson in concluding the purpose of her visit with Dr. Hutcheson was for evaluation only. While Employer does not contest Employee's account of the office visit, we agree with Employer that a necessary step for a physician to take when he or she has been chosen from a panel is to evaluate the worker's condition and alleged injury and to address whether the worker's condition or injury is causally related to the employment. In this case, had Dr. Hutcheson reached the opposite conclusion, he would not have needed any additional authorization from Employer to treat Employee since he was selected from a panel in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii). Thus, we find insufficient evidence in the record to establish that the physician panel was defective or improper.

Nonetheless, we find the trial court did not err in deeming Dr. Broadstone to be the authorized physician. In circumstances where an employer refuses to provide medical treatment and/or denies an employee's claim, such employer runs the risk that a physician of the employee's choosing will be designated the authorized physician and that the employer will be responsible for paying for treatment provided by that physician. *See GAF Bldg. Materials v. George*, 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001) ("An employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians.").

Here, Employer denied Employee's claim on the basis of Dr. Hutcheson's opinion. When her symptoms did not improve, Employee sought medical care on her own. She reasonably obtained treatment with another physician and, having established a doctor-patient relationship with Dr. Broadstone, she should not now be required to choose a different treating physician.

**Conclusion**

We affirm the trial court's conclusion that Employee presented sufficient medical proof to rebut the statutory presumption of correctness afforded Dr. Hutcheson's causation opinion, and we affirm the trial court's determination that Employee would likely prevail in establishing causation at a hearing on the merits. Additionally, we affirm the trial court's designation of Dr. Broadstone as the authorized physician. The case is remanded, and costs on appeal are taxed to Employer.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charity Blevins | ) | Docket No. 2018-01-0673 |
| | ) | |
| v. | ) | State File No. 86761-2017 |
| | ) | |
| Southern Champion Tray, LP, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of July, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Ethan Hargraves | | | | | X | ethan@masseyattorneys.com brooke@masseyattorneys.com |
| Connor Sestak Nicholas S. Akins | | | | | X | csestak@morganakins.com nakins@morganakins.com plunny@morganakins.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov